JUDGE COTE

13 CV 1952

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANDIRA TURBI

                                                  Plaintiff,    **COMPLAINT AND**
                -against-                                          **JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER
JOSHUA FARANDRA, SERGEANT ANDRE
EMMANUEL, JOHN DOE 1-5                       ECF CASE

                                                  Defendants.

------------------------------------------------------------------- x

RECEIVED MAR 2 2 2013

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claims arise from an incident on December 29, 2011, in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully arrested plaintiff without probable cause or even reasonable suspicion.

3. Plaintiff seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Southern District of New

York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Southern District of New York.

## PARTIES

6. Plaintiff is a citizen of the United States and at all times here relevant resided in New York County, New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

9. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. On December 29, 2011, defendants came to plaintiff's apartment at 50 Paladino Avenue, New York, NY, in search of plaintiff's sister, in connection with a dispute with a neighbor..

11. The officers were apparently dissatisfied with plaintiff's response, or suspicious that plaintiff was, in fact, the person they sought.

12. Nevertheless, the officers had no reasonable basis upon which to conclude that plaintiff was her sister.

13. To the contrary, when both the neighbor and the sister appeared and advised the officers that plaintiff had not been involved in the incidents in question, the police still insisted on arresting plaintiff.

14. Plaintiff was brought to the precinct, and charged with disorderly conduct. The charges were ultimately dismissed.

## DAMAGES

15. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

   b. Physical and emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

   c. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

16. The above paragraphs are here incorporated by reference.

17. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

18. Defendants falsely arrested plaintiff, and failed to intervene in each other's obviously illegal actions.

19. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

20. The above paragraphs are here incorporated by reference.

21. The City is liable for the damages suffered by plaintiff as a result of the conduct of its employees, agents, and servants, in that, after learning of its employees' violation of plaintiffs' constitutional rights, it failed to remedy the wrong; it has created policies and customs under which unconstitutional practices occurred and allowed such policies or customs to continue, and it has been grossly negligent in managing subordinates who caused the unlawful conditions and events.

22. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

23. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of its police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist, abdicating any effective oversight of its police employees.

24. For example, the Civilian Complaint Review Board ("the CCRB"), a City police oversight agency, often finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have

made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB often closes out complaints where the alleged victims, who have pending criminal actions against them, do not cooperate in the investigation, even where the CCRB is able to investigate the allegations independent of the alleged victims. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

25. The CCRB will also occasionally, randomly, refer allegations of false arrest to the "Office of the Chief of Department of the New York City Police Department." ("OCD"). That office fails to remotely adequately pursue such complaints, as evidenced, in part, by this case, where the OCD simply never followed up on the matter, despite the referral.

26. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, a power which the commissioner has exercised.

27. The Internal Affairs Department of the NYPD takes cases in a completely arbitrary and selective manner, often times interviewing complainants on the record once, before declining the case and forwarding it to the CCRB, who will refuse to go forward with a complaint unless they do their own preliminary interview with the complainant. Thus, the City erects multiple barriers

to moving a case forward, before any further investigation can proceed.

28. Further, the City has no formal procedures to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without such notification, improper search and seizure practices and incredible testimony go uncorrected.

29. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers. These conditions persist today.

30. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

31. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:  Brooklyn, New York
March 20, 2013

TO: New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY 10007

Very truly yours,

Stoll, Glickman & Bellina, LLP
By: Andrew B. Stoll (AS8808)
Attorney for Plaintiff
475 Atlantic Avenue
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com